IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIE DESHUN WADE,          §
TDCJ No. 2177210,            §
                             §
        Petitioner,          §
                             §
V.                           §          No. 3:20-cv-1269-X-BN
                             §
DIRECTOR, TDCJ-CID,          §
                             §
        Respondent.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

"A jury convicted [Petitioner] Willie Deshun Wade of aggravated assault with

a deadly weapon, and the trial court assessed punishment at ten years' confinement."

*Wade v. State*, No. 05-18-00059-CR, 2019 WL 948753, at *1 (Tex. App. – Dallas Feb.

27, 2019, no pet.), *aff'g State v. Wade*, F17-75793-R (265th Jud. Dist. Ct., Dall. Cnty.)

[Dkt. No. 20-18 at 4-6]. On direct appeal, Wade raised two issues: that "the evidence

is insufficient to support his conviction" and that "the trial court erred in finding

consent to search his apartment was given voluntarily." *See Wade*, 2019 WL 948753,

at *1. The Dallas Court of Appeals rejected both claims. *See generally id.* And Wade

failed to petition the Texas Court of Criminal Appeals (the CCA) for discretionary

review.

Wade then pursued state habeas relief, raising a claim of ineffective assistance

of counsel (IAC), that the evidence was insufficient to support his conviction, and that

the trial court erred by denying his motion to suppress. *See* Dkt. No. 20-18 at 12-32,

35-41. And the CCA denied his state habeas application without written order. *See*

*Ex parte Wade*, WR-91,178-01 (Tex. Crim. App. Apr. 29, 2020) [Dkt. No. 19-2 at 2].

Wade then filed a *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus, *see* Dkt. No. 3, which United States District Judge Brantley Starr referred to the undersigned United States magistrate judge for pretrial management. The Court ordered Wade to amend his Section 2254 petition. *See* Dkt. No. 7. And, as reflected in his original petition and his Section 2254 application as amended, Wade drops his IAC claim but again claims that his conviction is not supported by sufficient evidence and that the denial of his motion to suppress was error. *See* Dkt. Nos. 2, 8, 9.

The State responded, arguing that Wade's Section 2254 application is time barred by one week and that his two claims are otherwise barred from federal habeas review. *See* Dkt. No. 19. And Wade replied. *See* Dkt. No. 21.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

Even if the statute of limitations does not bar Wade's Section 2254 action, his Section 2254 claims are otherwise meritless or not cognizable.

First, Respondent argues, in alternative to limitations, that Wade has procedurally defaulted his sufficiency-of-the-evidence claim. *See* Dkt. No. 19 at 14-15; *Murphy v. Davis*, 737 F. App'x 693, 702 (5th Cir. 2018) (per curiam) ("Under the doctrine of procedural default, [federal courts] are precluded from reviewing 'claims that the state court denied based on an adequate and independent state procedural rule.'" (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017))).

Wade raised his sufficiency-of-the-evidence claim on direct appeal, but he did

not petition the CCA for discretionary review. So the first time he presented this claim to Texas's highest court was through his state habeas petition.

"[U]nder Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding." *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (citing *Ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim. App. 1980)); *see also West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) (noting that the CCA has long held that "the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas" (citations omitted)); *Gray v. Dir., TDCJ-CID*, No. 2:06cv420, 2008 WL 717552, at *3 (E.D. Tex. Mar. 14, 2008) ("Under Texas law, sufficiency of the evidence may only be raised on direct appeal, and not in state habeas proceedings; therefore, unless the petitioner raises the claim in a petition for discretionary review, he fails to exhaust his claim.").

This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-02 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." (citations omitted)). And the procedural default may be "adequately established even where, as here, the [CCA] denies relief without stating a reason." *Caldwell v. Thaler*, 770 F. Supp. 2d 849, 861 (S.D. Tex. 2011) (citing *West*, 92 F.3d at 1398, n.18; *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004)); *see also Frazier v. D*avis, No. 4:15-cv-829-O, 2017 WL 2882605, at *3 (N.D. Tex. July 6, 2017) ("When the [CCA] is silent on its reasoning for denying a sufficiency-of-the-evidence claim raised for the

first time on state habeas review, this Court may assume that the claim was denied because it is not cognizable on state habeas review." (citing *Ex parte Grigsby*, 137 S.W.3d at 674)).

Even so, the United States Supreme Court "has instructed that the mere existence of a basis for a state procedural bar is not talismanic. Rather, it must be apparent that the state court 'actually ... relied on the procedural bar as an independent basis for its disposition of the case.'" *Goodwin v. Collins*, 910 F.2d 185, 187 (5th Cir. 1990) (per curiam) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985))).[1]

Here, "there is nothing within the [CCA's] opinion or in the nature of the proceedings below to suggest that the court applied a procedural bar." *Smith v. Dretke*, No. 3:05-cv-1229-M, 2006 WL 1951161, at *6 (N.D. Tex. July 13, 2006) (citing *Renz*, 28 F.3d at 432 (applying the procedural bar where the trial court, on habeas review, explicitly cited a state procedural rule in refusing to address the sufficiency-of-the-evidence claim, and the CCA denied the state petition "on the findings of the trial court")).

"In fact, the last reasoned state judgment addressing [Wade's] insufficiency of the evidence claim rejected it on the merits." *Id.* (citing *Ylst*, 501 U.S. at 803 (holding that "where there has been one reasoned state judgment rejecting a federal claim,

---

[1] *Cf. Davis v. Craig*, 66 F.3d 319, 1995 WL 534730, at *7 (5th Cir. July 25, 1995) ("Because the Texas Court of Criminal Appeals summarily denied both Davis' petition for direct review and Davis' single state habeas petition without issuing findings of fact or a written opinion, the Texas Court of Appeals issued the last reasoned opinion by a state court." (citing *Goodwin*)).

later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground"); *Bledsue v. Johnson*, 188 F.3d 250, 257 (5th Cir. 1999) ("As we 'look through' the denial by the [CCA] to the reasoned intermediate appellate opinion, we again conclude that Bledsue's claim was denied on the merits, i.e., was not denied on an independent and adequate state ground. We therefore conclude that the sufficiency of the evidence claim does not fall prey to the procedural bar and is properly before the federal courts."); citation omitted).

Therefore, out of an abundance of caution, the undersigned has reviewed the Dallas Court of Appeals's reasoned denial of Wade's sufficiency-of-the-evidence claim under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court," *Shinn v. Kayer*, 141 S. Ct. 517, 520 (2020) (per curiam) (citation omitted), and, under which, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement,'" *id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see* 28 U.S.C. § 2254(d).[2]

---

[2] *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder but must consider all the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

*Pena v. Dir., Tex. Dep't of Crim. Justice*, No. 2:18-cv-172-M-BR, 2021 WL 4142683, at *9 (N.D. Tex. July 2, 2021) (citation modified), *rec. accepted*, 2021 WL 4133498 (N.D. Tex. Sept. 10, 2021).

While it seems likely that the Dallas Court of Appeals applied Texas's more demanding factual-sufficiency standard based on state law, *see Wade*, 2019 WL 948753, at *3-*4 – which is outside the scope of Section 2254 review, *see Pena*, 2021 WL 4142683, at *8 – examining its reasoned denial of Wade's sufficiency claim under AEDPA deference, Wade has not shown that this denial was unreasonable considering *Jackson*'s legal sufficiency standard – that is, that the denial of this claim "was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement,'" *Sanchez*, 936 F.3d at 305.

---

'any possibility for fairminded disagreement.'" (citation omitted)); *Hughes v. Vannoy*, 7 F.4th 380, 387 (5th Cir. 2021) ("'A merely incorrect state court decision is not sufficient to constitute an unreasonable application of federal law ....' Instead, the state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (footnotes omitted)).

Wade's second claim – requesting review of the determination, affirmed on direct appeal, that there was voluntary consent to conduct a warrantless search, an exception to the Fourth Amendment's general prohibition against the same – is not subject to a state procedural bar. But federal courts "generally are barred from reviewing Fourth Amendment claims on habeas review." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Stone v. Powell*, 428 U.S. 465 (1976)).

> In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. [The United States Court of Appeals for the Fifth Circuit] has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*

*Id.*; *accord ShisInday v. Quarterman*, 511 F.3d 514, 524-25 (5th Cir. 2007) (per curiam) ("*Stone* bars habeas review of Fourth Amendment claims when the state has provided an opportunity for full and fair litigation of the claim.... [And t]he Fifth Circuit applies the bar as long as the state gives the defendant an opportunity to litigate the issue, whether or not the defendant takes advantage of the opportunity." (citing *Janecka*, 301 F.3d at 320-21)).

Wade took full advantage of Texas's process for criminal defendants to challenge a search alleged to be illegal by filing a motion to suppress. *See* Dkt. No. 19-2 at 33-34; Tex. Code Crim. Proc. art. 28.01. His motion was heard and denied. *See, e.g.*, Dkt. No. 19-2 at 35-69. And the trial court's denial was affirmed. *See Wade*,

2019 WL 948753, at *5-*6. "Therefore the *Stone* bar applies." *ShisInday*, 511 F.3d at 525.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE